**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiffs*
File No.: 109020

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FameFlynet, Inc. and BWP Media USA Inc. d/b/a Pacific Coast News,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLHIPHOP.COM LLC and AHH HOLDINGS, LLC,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT** |

FameFlynet, Inc. ("FFN") and BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") (hereinafter collectively "*Plaintiffs*"), by and through their undersigned counsel, for their Complaint against ALLHIPHOP.COM LLC ("ALLHIPHOP") and AHH HOLDINGS, LLC ("AHH") (hereinafter collectively "*Defendants*"), state and allege as follows:

### INTRODUCTION

1. This action seeks to recover for copyright infringement. Plaintiffs herein provide entertainment-related photojournalism goods and services, and own the rights to photographs featuring celebrities that they license to online and print publication. Plaintiffs have obtained U.S. copyright registrations covering many of their photographs, and many others are the subject of pending copyright applications.

2. Defendants own and operate a website known as www.allhiphop.com (the

"*Website*"). Without permission or authorization from Plaintiffs, Defendants actively copied, stored, modified, and displayed Plaintiffs' photographs on the Website and engaged in this misconduct knowingly and in violation of United States copyright laws.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

4. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 130 S.Ct. 1237 (2010), *see e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 9th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

5. This Court has personal jurisdiction over Defendants because Defendants are both New York limited liability companies and maintain their principal places of business in New York.

6. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendants do business in this Judicial District and because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

### I.   Plaintiffs

7. FFN is a California corporation and maintains its principal place of business in Los Angeles County, California.

8. BWP is a Delaware corporation and maintains its principal place of business in Los Angeles County, California.

### II.   Defendants

9. On information and belief, Defendants are both New York limited liability companies, each with a principal place of business in New York County, New York, and are liable and responsible to Plaintiff based on the facts herein alleged.

10. Defendants are the registered owners and operators of the Website and are

responsible for their content.

11. The Website is a popular and lucrative enterprise that purposefully displays celebrity and news photographs, including Plaintiffs' copyrighted photographs.

12. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendants profit from this activity

13. Without permission or authorization from Plaintiffs, Defendants volitionally selected, copied, modified, stored and displayed Plaintiffs' copyright-protected photographs (the "*Photograph(s)*"), as set forth in Exhibit "1," which is annexed hereto and incorporated in its entirety herein, on the Website.

14. On information and belief, the Photographs were copied, modified, stored and displayed without license or permission, thereby infringing on Plaintiffs' copyrights (the "*Infringement(s)*").

15. As is set forth more fully in Exhibit "1," each listed Infringement contains the Uniform Resource Locator ("*URL*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and, therefore, constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

16. Each listed Infringement in Exhibit "1" is an exact copy of one of Plaintiffs' original images that was directly copied and stored by Defendants on the Website.

17. Each Infringement listed in Exhibit "1" constitutes a separate and distinct act of infringement by Defendants.

18. On information and belief, Defendants take an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiffs' Photographs.

19. 17 U.S.C. §512, also known as the Digital Millennium Copyright Act (the *"DMCA"*) provides a defense against an infringement that is "by reason of the storage at the direction of a user." The applicable legislative history provides that "[i]nformation that resides on the system or network operated by or for the service provider through its own acts or decisions and not at the direction of a user does not fall within the liability limitation of subsection (c)." *See* S.Rep. No. 105–190, at 43 (1998).

20. Defendants' conduct is not safe-harbored by the DMCA, in that, on

information and belief, Defendants have failed to register with the United States Copyright Office pursuant to 17 U.S.C. §512.

21. Further, even if Defendants had registered with the United States Copyright Office—which they did not—Defendants' conduct still would not be safe-harbored by the DMCA because not all of the Infringements were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

22. On information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendants cannot claim that they were not aware of the infringing activity, including the specific Infringements which form the basis of this Complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendants.

23. On information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

24. Additionally, on information and belief, Defendants, with "red flag" knowledge of the Infringements, failed to promptly remove same (*see 17 U.S.C. §512(c)(1)(A)(i)*) as evidenced by the following:

- (a) Defendants' employees and agents created, posted, participated in, and commented on "threads," articles, and/or postings that encouraged members to post copyrighted photographs, including Plaintiffs' copyrighted Photographs;
- (b) Defendant's employees and agents actively reviewed, monitored, commented on, deleted, and "cleaned" postings, articles, and threads containing Plaintiffs' copyrighted Photographs;
- (c) The majority of the Photographs are readily identifiable as copyright-protected as they contain a copyright watermark on the images, thereby making Defendants' infringement willful as a matter of law.

25. Further, Defendants have the legal right and practicable ability to control and limit the infringing activities on their Website, and Defendants exercised, and/or had the ability to exercise, such right, which, on information and belief, is evidenced by the following:

- (a) Defendants' employees and agents had complete control over and actively reviewed and monitored the content posted on the Website.
- (b) Defendants admit that they monitor the content on their Website.

(c) Defendants' employees and agents actively review, modify, and delete or "cleaned" postings, articles and threads on the Website.

26. On information and belief, Defendants have received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, Defendants experienced increased traffic to the Website and, in turn, realized an increase in their advertising revenues, sponsorship fees, partnership opportunities, readership base, and brand awareness. *17 U.S.C. §512(c)(1)(B)*.

27. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

28. On information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

29. As a result of Defendants' misconduct, Plaintiffs have been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

30. Plaintiffs repeat and incorporate by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

31. The Photographs are original, creative works in which Plaintiffs own valid copyrights properly registered with the United States Copyright Office.

32. Plaintiffs have not licensed Defendants the right to use the Photographs in any manner, nor have Plaintiffs assigned any of their exclusive rights in their copyrights to Defendants.

33. Without permission or authorization from Plaintiffs and in willful violation of their rights under 17 U.S.C. §106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and publicly displayed works copyrighted by Plaintiffs, thereby violating Plaintiffs' exclusive rights in their copyrights.

34. Defendants' reproduction and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

35. On information and belief, thousands upon thousands of people have viewed

the unlawful copies of the Photographs on the Website.

36. As a direct and proximate result of Defendants' misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
*(Vicarious Copyright Infringement)*

37. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

38. At all material times hereto, on information and belief, Defendants had the legal right and practicable ability to supervise, control, limit, and stop the infringing conduct of its employees, agents and members, and yet, Defendants declined to do so in the instant case.

39. For example, on information and belief, Defendants had the practicable ability to police the images on the Website when its employees, agents, and members edited, modified and/or interacted with the Photographs, and, therefore, had the right and ability to supervise and control the infringing Photographs.

40. As a direct and proximate result of Defendants' refusal to exercise their right to stop or limit the infringing conduct, on information and belief, Defendants' members have continued to infringe upon Plaintiffs' Photographs, which, in turn, generates profits for Defendants directly from the use of the Infringements.

41. On information and belief, Defendants enjoyed a directed financial benefit from the infringing activity of its members, employees and agents from, inter alia, advertising revenue derived from the increased traffic to the Website and from an increase in fees paid by sponsors.

42. On information and belief, Defendants further enjoyed a directed financial benefit from using the "draw" of Plaintiffs' Photographs to increase user traffic, thereby increasing advertising revenue, fees paid by sponsors, partnership opportunities, Defendants' readership base, and brand awareness.

43. Accordingly, Defendants are liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. *See*

*e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

44. As a direct and proximate result of Defendants' misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## THIRD COUNT
### *(Injunction Pursuant to 17 U.S.C. §502)*

45. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

46. Plaintiffs request a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendants from displaying the Infringements.

## FOURTH COUNT
### *(Attorneys' Fees and Costs Pursuant to 17 U.S.C. §505)*

47. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

48. Plaintiffs request, pursuant to 17 U.S.C. §505, their attorneys' fees and costs for the prosecution of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

That the Court enter a judgment finding that Defendants have infringed on Plaintiffs' rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

   a. Statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement, or, in the alternative, Plaintiffs' actual damages and the disgorgement of Defendants' wrongful profits in an amount to be proven at trial; and

   b. A permanent injunction against Defendants pursuant to 17 U.S.C. §502;

and

c. Plaintiffs' attorneys' fees pursuant to 17 U.S.C. §505; and

d. Plaintiffs' costs; together with

e. Such other relief that the Court determines is just and proper.

DATED: March 24, 2016

**SANDERS LAW, PLLC**

By: /s/ Craig B. Sanders
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@sanderslawpllc.com

*Attorneys for Plaintiffs*
File No.:109020